UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIOS A. PAPOUTIS, et al.<br><br>    Defendants. | Case No.: 16-cv-02694-JLS (DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' AMENDED MOTION FOR SANCTIONS (ECF No. 11) AND DENYING AS MOOT DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 10)** |

Pending before the Court is Defendants' Amended Motion for Sanctions against Plaintiff and Her Attorneys. (ECF No. 11.) For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

On February 7, 2017, the Court held an Early Neutral Evaluation Conference ("ENE") in the above-entitled action. (ECF No. 8.) Plaintiff Dorothy White ("Plaintiff") did not appear at the ENE, as required by the Court's December 12, 2016 Notice and Order for Early Neutral Evaluation Conference and Scheduling of Case Management Conference. (ECF No. 6.) Therefore, the Court issued an order: (1) requiring Plaintiff to show cause why sanctions should not issue for her failure to appear at the ENE, (2) ordering Defendants to file by February 14, 2017, a motion for attorney's fees, costs, and any other sanctions

1

sought, and (3) allowing Plaintiff to file a response to Defendants' motion for sanctions by February 21, 2017. (ECF No. 9.)

On February 9, 2017, Defendants filed a Motion for Sanctions against Plaintiff and Her Attorneys. (ECF No. 10.) On February 10, 2017, Defendants filed an Amended Motion for Sanctions against Plaintiff and Her Attorneys, requesting $3,622.00 in fees and costs associated with Defendants' preparation for and attendance at the ENE and preparation of their motion for sanctions. (ECF No. 11.) Plaintiff then filed a Response in Opposition to Defendants' Motion for Sanctions, and the Court took the motion under submission. (ECF Nos. 15, 16.)

## **STANDARD**

Magistrate judges have the authority to issue sanctions based on a party's or attorney's failure to appear at a pretrial conference. Under Rule 16(f)(1) of the Federal Rules of Civil Procedure, the Court may issue any just sanctions if a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) . . .; or (C) fails to obey a scheduling or other pretrial order." FED. R. CIV. PRO. 16(f)(1). Rule 16(f)(2) of the Federal Rules of Civil Procedure mandates that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-- including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. PRO. 16(f)(2).

Further, Civil Local Rule 83.1(a) permits the Court to order sanctions for failure to comply with the Local Rules or the Federal Rules of Civil Procedure. Specifically, Civil Local Rule 83.1(a) states,

> Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt,

>imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

CIV. L. R. 83.1(a).

A showing of bad faith is not necessary when the Court issues sanctions under Rule 16 of the Federal Rules of Civil Procedure or the Local Rules. *See Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (finding appropriate the district court's issuance of sanctions under Federal Rule of Civil Procedure 16 and the district court's local rules when the president of the plaintiff-business failed to appear at a mediation session and gave no prior notice).

## **DISCUSSION**

Here, the Court finds it appropriate to require Plaintiff to compensate Defendants for costs they incurred as a result of attending the ENE for which Plaintiff failed to appear. Plaintiff is a frequent filer and is thus familiar with court rules, including the requirement that a plaintiff attend an ENE. Further, Plaintiff received notice of the ENE. (ECF No. 15, pg. 3.) Nonetheless, Plaintiff failed to appear.

Defendants appeared at the ENE. Because Defendants only speak Greek, their daughter also appeared at the ENE and translated all proceedings for Defendants. Thus, Defendants *and* their daughter took time off from work and their activities to appear at the ENE.

At no time did Plaintiff request leave from the requirement that she appear at the ENE. Although Plaintiff's counsel was in telephonic communication with Plaintiff, Plaintiff was not present to meet Defendants, view photographs of the remediation, or discuss issues of the case. Settlement offers made by Defendants were rejected by Plaintiff's counsel without conveying the offers to Plaintiff. Although Defendants had expended funds for a consultant and remediation and made a monetary offer at the ENE, it was apparent that the case could not settle because of Plaintiff's counsel's previous dealings with Defendants' counsel. Plaintiff's counsel's refusal to settle for his client appeared to be based on who Defendants' counsel is—not the merits or issues of the case.

Nonetheless, it was the distinct impression of the Court that the case could have settled if Plaintiff had been present at the ENE.

Defendants request $3,622.00 in sanctions, which represents costs associated with (1) analyzing Plaintiff's ENE statement; (2) drafting their own ENE statement; (3) traveling to and from San Diego for the ENE; (4) attending the ENE; (5) parking; (6) drafting their motion for sanctions; and (7) finalizing their motion for sanctions. (ECF No. 11-1, pg. 7.) The Court finds it appropriate to grant Defendants' request for the following costs and apply the credit Defendants applied reducing costs in the amount of one hour of their attorney's time:[1]

| | |
|---|---|
| Travel to/from San Diego for ENE | $1,350.00 |
| Attendance at ENE | $675.00 |
| Parking Cost | $22.00 |
| Drafting Motion for Sanctions | $855.00 |
| Credit 1 Hour for Scheduling Conference | ($450.00) |
| Total | $2,452.00 |

However, the Court declines to award the costs Defendants requested for reviewing Plaintiff's ENE statement and drafting their own ENE statement as the briefs were helpful to the Court and will continue to be helpful in future settlement conferences. The Court further declines to award Defendants the costs they requested in conjunction with receiving a Court order and finalizing their motion for sanctions as the $855.00 awarded to Defendants in conjunction with drafting their motion for sanctions is sufficient.

---

[1] In their motion for sanctions, Defendants requested $3,600.00 in costs. However, Defendants subtracted $450.00 from that amount to represent one hour of their attorney's time spent participating in the Case Management Conference ("CMC") that was held on February 7, 2017, following the ENE. (ECF 11-1, pg. 7.) The Court notes that the CMC did not last for an hour, but finds the credit appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1) Defendants' Amended Motion for Sanctions against Plaintiff and Her Attorneys (ECF No. 11) is **GRANTED IN PART** and **DENIED IN PART**;

2) By **March 31, 2017**, Plaintiff shall pay Defendants $2,452.00, representing the reasonable costs and attorney's fees they incurred as a result of Plaintiff's failure to appear for the ENE. Plaintiff must file with the Court a Notice of Payment of Sanctions by **April 7, 2017**; and

3) Defendants' Motion for Sanctions against Plaintiff and Her Attorneys (ECF No. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: March 16, 2017

LOUISA S PORTER
United States Magistrate Judge